ORDER ON APPELLANT’S “MOTION TO COMPEL SERVICE OF PLEADINGS UPON CUMMINGS’ ‘NEXT FRIEND’ PROSECUTING APPEAL”
PER CURIAM.
Cummings sought relief in the circuit court by petition for writ of habeas corpus or mandamus, complaining of the application of certain changes in statute to the calculation of his administrative gain time. Relief was denied and an appeal taken to this court. The record was prepared and transmitted and the initial and answer briefs have been filed.
Appellant has filed the above-captioned motion, seeking to compel the appellees to furnish copies of their pleadings on Cummings’ “next friend,” Stewart Strickland. It is alleged that Strickland has been assisting Cummings with this litigation since its inception in the trial court. Until recently, Cummings and Strickland were housed at the same correctional institution, but Strickland has now been transferred. Mov-ant’s position is that the appellees’ failure to serve copies of the answer briefs on Strickland is a violation of the Florida Rules of Appellate Procedure. We disagree and deny the motion for the following reasons.
Issues presented by inmates helping fellow inmates with legal matters have been litigated on numerous occasions in our federal courts. See generally Jerald J. Director, Annotation, Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Interference With Access to Courts, 23 A.L.R. Fed. 6 (1975). The leading case in the area is Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), where the United States Supreme Court invalidated a Tennessee prison regulation which prohibited one inmate from helping another on legal matters. The court relied on the historical importance of the habeas corpus remedy and found that unobstructed access to the courts to seek habeas relief was constitutionally required. In the absence of alternative assistance for inmates who are unable to draft their own legal pleadings, the Tennessee regulation was held invalid. The Johnson v. Avery rationale was extended to civil rights actions brought pursuant to 42 U.S.C. § 1983 in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The right of access to courts that underlies Johnson v. Avery and Wolff v. McDonnell was applied in Hooks v. Wainwright, 352 F.Supp. 163 (M.D.Fla.1973) to find that Florida has an affirmative constitutional duty to furnish prison inmates with legal libraries or with professional or quasi-professional legal assistance. Accord Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).
We agree with appellant that the right to obtain inmate legal assistance is properly extended to a case such as this where a liberty interest is at stake. It does not *1137 necessarily follow that his motion to compel service of appellees’ pleadings on Strickland should be granted. Appellant cites no authority for the proposition that the inmate assisting him should be on the service list. Rather, we believe that it is the party who is accountable for his own pleadings who should be served. Once the party receives an order, pleading or brief, he may obtain assistance within or without the prison or jail in preparing a response. A party who is not represented by licensed counsel, however, is ultimately responsible for his own briefs and pleadings and must sign them. Fla.R.Jud.Adm. 2.060(e). Obviously, this is the method used by most inmates who receive assistance from other inmates, as it was by the appellant in this cause until the person assisting him was transferred to another institution.
As the Department of Corrections points out, its Rule 33-3.005(9) provides that inmates may assist other inmates in the preparation of legal documents and legal mail if no consideration is given or received. Obviously, in order for Strickland to further assist Cummings, if that is the desire of Cummings, the two would have to correspond. Rule 33-3.004(4) provides that correspondence between inmates of separate penal institutions is subject to approval of the superintendent of each institution. Either superintendent may withhold approval if he finds that the intended correspondence represents a substantial threat of interference with the security, order, or rehabilitative objectives of his institution. Appellant makes no claim that approval has been sought from the respective superintendents for he and Strickland to correspond with regard to this appeal or, if so, whether approval was obtained or denied. Absent an allegation to the contrary, we assume that they may correspond regarding this case and that Strickland may continue to assist Cummings, even though Strickland is not directly served with appel-lees’ pleadings. We are cognizant that this arrangement would not be as convenient as that requested by appellant, but appellant has not shown constitutional entitlement to the relief he seeks. Correspondence between Cummings and Strickland, if desired by Cummings and permitted, could somewhat delay the proceedings. However, this court would give full consideration to any motion for a reasonable extension of time based on circumstances making the extension necessary.
Moreover, appellant’s motion is premised in part on the unspoken assumption that he is entitled to the assistance of a particular inmate, in this case Strickland, with this appeal. We question the validity of that assumption absent a showing that there is no one in Cummings’ current institution who is capable and willing to assist him in preparing his reply brief. We have found no authority on that precise question, but determine it is unnecessary to decide it in order to dispose of the motion before us. We nevertheless note that United States Court of Appeals for the Second Circuit has expressly held that Johnson v. Avery does not require interprison legal assistance among inmates. Sostre v. McGinnis, 442 F.2d 178, 210 n. 45 (2d Cir.1971).
MOTION DENIED.
JOANOS, C.J., and SMITH and BARFIELD, JJ., concur.